# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Stidhum v. 161-10 Hillside Auto Ave, LLC et al | EDNY | Rachel P. Kovner |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | 06/25/2021 | 19-cv-5458 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 06/04/2021 | ☐ Yes  ☑ No |

| **Attorney(s) for Appellant(s):** <br> ☑ Plaintiff <br> ☐ Defendant | Counsel's Name:     Address:          Telephone No.:          Fax No.:          E-mail: <br><br> John Troy  41-25 Kissena Boulevard Suite 103 Flushing, NY 11355 <br> Tel: (718) 762-1324 <br> Email: johntroy@troypllc.com |
|---|---|
| **Attorney(s) for Appellee(s):** <br> ☐ Plaintiff <br> ☑ Defendant | Counsel's Name:     Address:          Telephone No.:          Fax No.:          E-mail: <br><br> Emmanuel Kataev 3000 Marcus Avenue Suite 3W8 Lake Success, NY 11042-1073 <br> Tel: (516) 328-8899 <br> Email: emanuel@mllaborlaw.com |

| Has Transcript Been Prepared? <br><br> No | Approx. Number of Transcript Pages: <br><br> N/A | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No <br><br> If Yes, provide the following: <br><br> Case Name: <br><br> 2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party <br> ☑ Federal question (U.S. not a party) | ☐ Diversity <br> ☐ Other (specify): _____ |
| ☑ Final Decision <br> ☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) <br> ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| [✓] Pre-trial<br>[ ] During trial<br>[ ] After trial | [ ] Default judgment<br>[ ] Dismissal/FRCP 12(b)(1)<br>   lack of subject matter juris.<br>[ ] Dismissal/FRCP 12(b)(6)<br>   failure to state a claim<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2)<br>   frivolous complaint<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2)<br>   other dismissal | [ ] Dismissal/other jurisdiction<br>[ ] Dismissal/merit<br>[✓] Judgment / Decision of the Court<br>[ ] Summary judgment<br>[ ] Declaratory judgment<br>[ ] Jury verdict<br>[ ] Judgment NOV<br>[ ] Directed verdict<br>[ ] Other (specify): | [✓] Damages:<br><br>[ ] Sought: $ _____<br>[ ] Granted: $ _____<br>[✓] Denied: $ _____ | [✓] Injunctions:<br><br>[ ] Preliminary<br>[ ] Permanent<br>[✓] Denied |

## PART C:  NATURE OF SUIT   (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| [ ] Antitrust<br>[ ] Bankruptcy<br>[ ] Banks/Banking<br>[✓] Civil Rights<br>[ ] Commerce<br>[ ] Energy<br>[ ] Commodities<br>[ ] Other (specify): _____ | [ ] Communications<br>[ ] Consumer Protection<br>[ ] Copyright / Patent<br>[ ] Trademark<br>[ ] Election<br>[ ] Soc. Security<br>[ ] Environmental | [ ] Freedom of Information Act<br>[ ] Immigration<br>[ ] Labor<br>[ ] OSHA<br>[ ] Securities<br>[ ] Tax | [ ] Admiralty/<br>  Maritime<br>[ ] Assault /<br>  Defamation<br>[ ] FELA<br>[ ] Products Liability<br>[ ] Other (Specify): | [ ] Admiralty/<br>  Maritime<br>[ ] Arbitration<br>[ ] Commercial<br>[ ] Employment<br>[ ] Insurance<br>[ ] Negotiable<br>  Instruments<br>[ ] Other Specify | [ ] Civil Rights<br>[ ] Habeas Corpus<br>[ ] Mandamus<br>[ ] Parole<br>[ ] Vacate Sentence<br>[ ] Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| [ ] Hague Int'l Child Custody Conv.<br>[ ] Forfeiture/Penalty<br>[ ] Real Property<br>[ ] Treaty (specify): _____<br>[ ] Other (specify): _____ | [ ] Arbitration<br>[ ] Attorney Disqualification<br>[ ] Class Action<br>[ ] Counsel Fees<br>[ ] Shareholder Derivative<br>[ ] Transfer | [ ] Yes  [✓] No<br><br>Will appeal raise a matter of first impression?<br><br>[ ] Yes  [✓] No |

1. Is any matter relative to this appeal still pending below? [✓] Yes, specify: State Court Case    [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?    [✓] Yes    [ ] No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?    [ ] Yes    [✓] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>LETICIA FRANCINE STIDHUM et al v. 161-10 HILLSIDE AUTO AVE, LLC et al | Docket No.<br>705940/2021 | Citation: | Court or Agency:<br>Queens County Supreme Court |
|---|---|---|---|

| Name of Appellant: Leticia Francine Stidhum |
|---|

| Date: 07/30/2021 | Signature of Counsel of Record: /s/ John Troy |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

        **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C  (Rev. December 2016)

# ADDENDUM A

**Nature of Action**

Plaintiffs-Appellants challenged Defendants-Appellees' willful employment practices in violation of the, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*; New York State Human Rights Law ("NYSHRL"), NY Exec. § 290 *et seq.*; and New York City Human Rights Law ("NYCHRL") NYC Admin. § 8-107(22), *et seq.* ("NYC Pregnancy Worker Fairness Act"), seeking (1) injunctive and declaratory relief, (2) compensatory and liquidated damages, (3) punitive damages, and/or (4) attorneys' fees.

Before trial began, Judge Rachel P Kovner, issued a Memorandum and Order dismissing "Plaintiff's federal claims without prejudice to refiling after EEOC provides plaintiff with notice that it has considered plaintiff's charge for 180 days without filing a lawsuit or entering into a conciliation agreement." *See Stidhum v. 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet et al*, 19-CV-5458 (RPK)(VMS) Docket Entry No. 30 (June 25, 2021) at *9. In the same order Judge Kovner additionally dismissed Plaintiff's state-law claims without prejudice. *See id*.

**Result Below:**

The District Court entered a final judgment on its merits in favor of Defendants and against Plaintiffs. The District Court erroneously found that Plaintiff filed her suit prematurely because she had not received a charge from the Equal Employment Opportunity Commission stating that they would support or dismiss her claims, but they issued her a "Notice of Right to Sue" in accordance their own regulations, stating that it was probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge. The District Court erred in ruling that this was not in accordance with the powers given to the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
LETICIA FRANCINE STIDHUM,

                              Plaintiff,

          v.

161-10 HILLSIDE AUTO AVE, LLC             **Case No: 19-cv-05458(RPK)(VMS)**
      d/b/a Hillside Auto Outlet, and
HILLSIDE AUTO MALL INC                  **NOTICE TO APPEAL**
      d/b/a Hillside Auto Mall,
ISHAQUE THANWALLA,
JORY BARON,
RONALD M BARON, and
ANDRIS GUZMAN,

                        Defendants.

-----------------------------------------------------------------x

        **NOTICE IS HEREBY GIVEN** that the following party: LETICIA FRANCINE

STIDHUM in the above-named case, appeals to the United States Court of Appeals for the Second

Circuit from the forthcoming Judgment to be entered against her.

Dated: Flushing, NY
        May 24, 2021

                             Respectfully submitted,


                            /s/ John Troy
                            John Troy, Esq.
                            TROY LAW, PLLC
                            41-25 Kissena Boulevard, Suite 103
                            Flushing, NY 11355
                            Tel (718) 762-1324
                            troylaw@troypllc.com
                            *Attorneys for Plaintiff/Petitioner*

cc: via ECF
      all counsel of record

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cv-05458-RPK-VMS Stidhum v. 161-10 Hillside Auto Ave, LLC et al Electronic Index to Record on Appeal |
| **Date:** | Tuesday, June 1, 2021 8:14:03 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 6/1/2021 at 8:13 AM EDT and filed on 6/1/2021
**Case Name:** Stidhum v. 161-10 Hillside Auto Ave, LLC et al
**Case Number:** 1:19-cv-05458-RPK-VMS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. [25] Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Jones, Vasean)**

**1:19-cv-05458-RPK-VMS Notice has been electronically mailed to:**

John Troy     johntroy@troypllc.com, docket@troypllc.com, troylaw@troypllc.com, troylawpllc@gmail.com, williamwang@troypllc.com

Emanuel Kataev     emanuel@mllaborlaw.com, mail@emanuelkataev.com

Leanghour Lim     leanghourlim@gmail.com

**1:19-cv-05458-RPK-VMS Notice will not be electronically mailed to:**

APPEAL,ACO

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:19–cv–05458–RPK–VMS

Stidhum v. 161–10 Hillside Auto Ave, LLC et al      Date Filed: 09/25/2019
Assigned to: Judge Rachel P. Kovner      Jury Demand: Plaintiff
Referred to: Magistrate Judge Vera M. Scanlon      Nature of Suit: 442 Civil Rights: Jobs
Cause: 42:2000e Job Discrimination (Employment)      Jurisdiction: Federal Question

**Plaintiff**

**Leticia Francine Stidhum**      represented by    **Leanghour Lim**
Troy Law PLLC
41–25 Kissena Blvd
Ste 103
Flushing, NY 11355
718–762–1324
Email: leanghourlim@gmail.com
*ATTORNEY TO BE NOTICED*

**John Troy**
Troy Law, PLLC
41–25 Kissena Blvd., Suite 103
Flushing, NY 11355
718–762–2332
Email: johntroy@troypllc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**161–10 Hillside Auto Ave, LLC**      represented by    **Emanuel Kataev**
*doing business as*    Milman Labuda Law Group PLLC
Hillside Auto Outlet    3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
516–328–8899
Fax: 516–328–0082
Email: emanuel@mllaborlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hillside Auto Mall Inc.**      represented by    **Emanuel Kataev**
*doing business as*    (See above for address)
Hillside Auto Mall    *ATTORNEY TO BE NOTICED*

**Defendant**

**Ishaque Thanwalla**      represented by    **Emanuel Kataev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jory Baron**      represented by    **Emanuel Kataev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald M Baron**      represented by    **Emanuel Kataev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andris Guzman**                     represented by  **Emanuel Kataev**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2019 | 1 | COMPLAINT against 161−10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla filing fee $ 400, receipt number BNYEDC−11882521 Was the Disclosure Statement on Civil Cover Sheet completed −NO,, filed by Leticia Francine Stidhum. (Attachments: # 1 Exhibit 01 Document Preservation Demand, # 2 Exhibit 02 Notice of Lien and Assignment, # 3 Exhibit 03 Notice that Retaliation is Illegal under ADEA, # 4 Exhibit 04 Notice of Right to Sue) (Troy, John) (Entered: 09/25/2019) |
| 09/25/2019 | 2 | Proposed Summons.Civil Cover Sheet.. by Leticia Francine Stidhum (Attachments: # 1 Proposed Summons) (Troy, John) (Entered: 09/25/2019) |
| 09/30/2019 | | Case Assigned to Judge Eric N. Vitaliano and Magistrate Judge James Orenstein. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Davis, Kimberly) (Entered: 09/30/2019) |
| 09/30/2019 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Davis, Kimberly) (Entered: 09/30/2019) |
| 09/30/2019 | 4 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) (Entered: 09/30/2019) |
| 09/30/2019 | 5 | Summons Issued as to 161−10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Davis, Kimberly) (Entered: 09/30/2019) |
| 12/30/2019 | 6 | NOTICE of Appearance by Emanuel Kataev on behalf of 161−10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla (aty to be noticed) (Kataev, Emanuel) (Entered: 12/30/2019) |
| 12/30/2019 | 7 | WAIVER OF SERVICE Returned Executed by Ronald M Baron, Ishaque Thanwalla, Hillside Auto Mall Inc., Andris Guzman, 161−10 Hillside Auto Ave, LLC, Jory Baron. Ronald M Baron waiver sent on 12/30/2019, answer due 2/28/2020; Ishaque Thanwalla waiver sent on 12/30/2019, answer due 2/28/2020; Hillside Auto Mall Inc. waiver sent on 12/30/2019, answer due 2/28/2020; Andris Guzman waiver sent on 12/30/2019, answer due 2/28/2020; 161−10 Hillside Auto Ave, LLC waiver sent on 12/30/2019, answer due 2/28/2020; Jory Baron waiver sent on 12/30/2019, answer due 2/28/2020. (Kataev, Emanuel) (Entered: 12/30/2019) |
| 01/15/2020 | 8 | DEMAND for Trial by Jury by Leticia Francine Stidhum (Troy, John) (Entered: 01/15/2020) |
| 01/29/2020 | | Case Reassigned to Judge Rachel P. Kovner. Judge Eric N. Vitaliano no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Lee, Tiffeny) (Entered: 01/29/2020) |

| | | |
|---|---|---|
| 02/28/2020 | 9 | Letter MOTION for pre motion conference *in anticipation of Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 02/28/2020) |
| 02/28/2020 | 10 | Letter *enclosing inadvertently omitted exhibit from Defendants' earlier filed letter motion for a pre–motion conference (Docket Entry 9)* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla (Attachments: # 1 Exhibit A – EEOC Notices) (Kataev, Emanuel) (Entered: 02/28/2020) |
| 03/11/2020 | | ORDER: On February 28, 2020, defendants filed 9 a request for a pre–motion conference. Under the Court's individual rules, plaintiff's response was due by March 6, 2020. Plaintiff did not file a pre–motion conference response by March 6. Plaintiff is directed to respond to defendants' request for a pre–motion conference by March 16, 2020. Plaintiff is advised that the Court may impose sanctions if the plaintiff fails to file its response by March 16. Ordered by Judge Rachel P. Kovner on 3/11/2020. (Hershey, Kenneth) (Entered: 09/25/2020) |
| 03/16/2020 | 11 | RESPONSE to Motion re 9 Letter MOTION for pre motion conference *in anticipation of Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Leticia Francine Stidhum. (Troy, John) (Entered: 03/16/2020) |
| 03/24/2020 | | ORDER: On February 28, 2020, defendants filed a 9 letter motion with the Court requesting a pre–motion conference on defendants' anticipated motion to dismiss. Defendants sought dismissal on the grounds that 180 days had not elapsed since plaintiff filed her complaint with the EEOC and the EEOC has not ruled on her claim. *See* 42 U.S.C. Section 2000e–5(f)(1). Plaintiff brought suit under an "early" right–to–sue letter issued by the EEOC before the statutory period of 180 days had elapsed. It is unsettled whether a plaintiff may bring a Title VII suit in federal court under an early right–to–sue letter. *See Henschke v. New York Hosp.–Cornell Med. Ctr.*, 821 F. Supp. 166, 169–71 (S.D.N.Y. 1993). However, the 180–day period has now passed. Defendants shall file a letter with the Court by April 1, 2020, explaining whether they still request a pre–motion conference on their anticipated motion to dismiss and setting forth the basis for their motion, if any. Ordered by Judge Rachel P. Kovner on 3/24/2020. (Hershey, Kenneth) (Entered: 03/24/2020) |
| 04/01/2020 | 12 | Letter *submitted in accordance with this Court's Order dated March 24, 2020 explaining that Defendants still request a pre–motion conference on their anticipated motion to dismiss* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla (Kataev, Emanuel) (Entered: 04/01/2020) |
| 04/06/2020 | | SCHEDULING ORDER: A teleconference on defendants' 12 request for a premotion conference is hereby scheduled for April 20, 2020 at 2:00 p.m. The parties are directed to call (888) 278–0296 and type in the access code 2012636 to join the conference. Ordered by Judge Rachel P. Kovner on 4/6/2020. (Chan, Tsz) (Entered: 04/06/2020) |
| 04/20/2020 | 13 | NOTICE of Appearance by Leanghour Lim on behalf of Leticia Francine Stidhum (aty to be noticed) (Lim, Leanghour) (Entered: 04/20/2020) |
| 04/20/2020 | | Minute Entry and Order: A telephonic hearing on defendant's anticipated motion to dismiss was held before Judge Rachel P. Kovner on April 20, 2020. Leanghour Lim appeared for plaintiff. Emanuel Kataev appeared for defendants. The parties discussed the possibility of exploring mediation, either before the EEOC or by referral from the Court. The parties are ordered to update the Court on the status of these discussions by April 27, 2020. So Ordered by Judge Rachel P. Kovner on 04/20/20. (Court Reporter Victoria Torres Butler). (Hershey, Kenneth) (Entered: 04/20/2020) |
| 04/22/2020 | 14 | Letter *submitted jointly by the parties pursuant to this Court's April 20, 2020 Order* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla (Kataev, Emanuel) (Entered: 04/22/2020) |
| 04/24/2020 | | ORDER: The Court adopts the parties' proposed briefing schedule. Defendants shall file their motion to dismiss by May 8, 2020. Plaintiff shall file her opposition by May 22, 2020. Defendants shall file their reply, if any, by May 29, 2020. Ordered by Judge |

| | | Rachel P. Kovner on 4/24/2020. (Hershey, Kenneth) (Entered: 04/24/2020) |
|---|---|---|
| 05/08/2020 | 15 | MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 05/08/2020) |
| 05/08/2020 | 16 | MEMORANDUM in Support re 15 MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 05/08/2020) |
| 05/08/2020 | 17 | AFFIDAVIT/DECLARATION in Support re 15 MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Attachments: # 1 Exhibit A – EEOC Notice of Charge & Notice of Right to Sue) (Kataev, Emanuel) (Entered: 05/08/2020) |
| 05/22/2020 | 18 | MEMORANDUM in Opposition re 15 MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Leticia Francine Stidhum. (Troy, John) (Entered: 05/22/2020) |
| 05/29/2020 | 19 | REPLY in Support re 15 MOTION to Dismiss for Failure to State a Claim *pursuant to Fed. R. Civ. P. 12(b)(6)* filed by 161–10 Hillside Auto Ave, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 05/29/2020) |
| 11/16/2020 | | Case Reassigned to Magistrate Judge Vera M. Scanlon. Magistrate Judge James Orenstein no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Mahoney, Brenna) (Entered: 11/16/2020) |
| 02/19/2021 | | ORDER: The parties shall submit supplemental briefing on the following questions necessary to resolve the motion to dismiss at 15 : (1) whether, using the traditional tools of statutory interpretation, 42 U.S.C. § 2000e–5(f)(1) invalidates plaintiff's early right–to–sue letter; and (2) whether this Court should defer to any apparent interpretation of 42 U.S.C. § 2000e–5(f)(1) contained in 29 C.F.R. § 1601.28. *Compare Walker v. United Parcel Serv. Inc.*, 240 F.3d 1268, 1275 (10th Cir. 2001); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1061–63 (11th Cir. 1994); *Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251, 127 (9th Cir. 1980), *with Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1347 (D.C. Cir. 1999). Each side shall submit a double–spaced brief of no more than ten pages on or before 3/5/2021. No further responses or replies will be permitted. Ordered by Judge Rachel P. Kovner on 2/19/2021. (Lewis, Benjamin). (Entered: 02/19/2021) |
| 03/05/2021 | 20 | MEMORANDUM in Opposition re Order,,, *Plaintiff's Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss* filed by Leticia Francine Stidhum. (Troy, John) (Entered: 03/05/2021) |
| 03/08/2021 | 21 | Letter MOTION for Extension of Time to File *memorandum of law with supplemental briefing pursuant to this Court's Order dated February 19, 2021* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 03/08/2021) |
| 03/09/2021 | | ORDER denying 21 motion for extension of time to file. The parties were directed to submit supplemental briefing by 3/5/2021 and advised that no further responses or replies would be permitted. Plaintiff met this deadline but defendant did not. This schedule was set so that the parties could further develop issues that should have been fully addressed in initial briefing. While the parties were given an additional opportunity to address these issues, submissions were to arrive by the same date so that neither party would be able to draft their submission as a response to the other side's. Now that the deadline has passed, and plaintiff has submitted her brief, granting defendant additional time would be inequitable. Ordered by Judge Rachel P. Kovner on 3/9/2021. (Lewis, Benjamin) (Entered: 03/09/2021) |
| 03/10/2021 | 22 | Letter MOTION for Reconsideration re Order on Motion for Extension of Time to File,,, by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris |

| | | Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 03/10/2021) |
|---|---|---|
| 03/11/2021 | | ORDER granting 22 motion for reconsideration of 21 letter motion for extension of time to file. Defendants' counsel represents that "he has not read nor reviewed Plaintiff's supplemental brief and therefore will not address any position or arguments raised therein." On that representation, the motion for reconsideration is granted. Defendants shall file a supplemental brief on or before 3/12/2021. Ordered by Judge Rachel P. Kovner on 3/11/2021. (Lewis, Benjamin) (Entered: 03/11/2021) |
| 03/12/2021 | 23 | MEMORANDUM in Support *with supplemental briefing as required by this Court's February 19, 2021 Order with leave granted by this Court to file same by March 12, 2021 pursuant to this Court's March 11, 2021 Order* filed by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 03/12/2021) |
| 03/31/2021 | | ORDER: Defendants' motion to dismiss at 15 is granted. An opinion will follow shortly. Ordered by Judge Rachel P. Kovner on 03/31/2021. (Lewis, Benjamin). (Entered: 04/05/2021) |
| 05/24/2021 | 24 | Letter *Plaintiff's Request to the Honorable Rachel P. Kovner, U.S.D.J. for Formal Entry of Judgment* by Leticia Francine Stidhum (Troy, John) (Entered: 05/24/2021) |
| 05/24/2021 | 25 | NOTICE OF APPEAL by Leticia Francine Stidhum. (Troy, John) (Entered: 05/24/2021) |
| 05/24/2021 | | APPEAL FILING FEE DUE re 25 Notice of Appeal Payment in the amount of $505.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (Jones, Vasean) (Entered: 05/24/2021) |
| 05/24/2021 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 25 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Jones, Vasean) (Entered: 05/24/2021) |
| 05/24/2021 | 26 | Letter MOTION to Strike 25 Notice of Appeal *as untimely and otherwise invalid* by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 05/24/2021) |
| 05/29/2021 | | CIVIL CASE APPEAL FILING FEE: $ 505, receipt number ANYEDC–14521686 (Troy, John) (Entered: 05/29/2021) |
| 06/01/2021 | | Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 25 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Jones, Vasean) (Entered: 06/01/2021) |
| 06/01/2021 | 27 | RESPONSE in Opposition re 26 Letter MOTION to Strike 25 Notice of Appeal *as untimely and otherwise invalid* filed by Leticia Francine Stidhum. (Troy, John) (Entered: 06/01/2021) |
| 06/16/2021 | 28 | MOTION to Stay *Motion to Stay Title VII claims in Lieu of Dismissal Pending Plaintiffs Receipt of Re−Issued Right to Sue and Concurrent Order for Equal Employment Opportunity Commission to Reopen the Investigation* by Leticia Francine Stidhum. (Troy, John) (Entered: 06/16/2021) |
| 06/18/2021 | 29 | RESPONSE in Opposition re 28 MOTION to Stay *Motion to Stay Title VII claims in Lieu of Dismissal Pending Plaintiffs Receipt of Re−Issued Right to Sue and Concurrent Order for Equal Employment Opportunity Commission to Reopen the Investigation* filed by 161–10 Hillside Auto Ave, LLC, Jory Baron, Ronald M Baron, Andris Guzman, Hillside Auto Mall Inc., Ishaque Thanwalla. (Kataev, Emanuel) (Entered: 06/18/2021) |
| 06/25/2021 | 30 | MEMORANDUM AND ORDER: For the reasons set out in the attached memorandum and order, defendants' motion to dismiss at 15 is granted. Ordered by Judge Rachel P. Kovner on 6/25/2021. (Lewis, Benjamin) (Entered: 06/25/2021) |

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
**CHIEF JUDGE**

Date: July 07, 2021
Docket #: 21-1653
Short Title: Stidhum v. 161-10 Hillside Auto Ave, LLC

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

DC Docket #: 19-cv-5458
DC Court: EDNY (BROOKLYN)
DC Judge: Scanlon
DC Judge: Kovner

**DOCKETING NOTICE**

A notice of appeal filed by Leticia Francine Stidhum in the above referenced case was docketed today as 21-1653. This number must appear on all documents related to this case that are filed in this Court. For pro se parties the docket sheet with the caption page, and an Acknowledgment and Notice of Appearance Form are enclosed. In counseled cases the docket sheet is available on PACER. Counsel must access the Acknowledgment and Notice of Appearance Form from this Court's website http://www.ca2.uscourts.gov.

The form must be completed and returned within 14 days of the date of this notice. The form requires the following information:

YOUR CORRECT CONTACT INFORMATION: Review the party information on the docket sheet and note any incorrect information in writing on the Acknowledgment and Notice of Appearance Form.

The Court will contact one counsel per party or group of collectively represented parties when serving notice or issuing our order. Counsel must designate on the Acknowledgment and Notice of Appearance a lead attorney to accept all notices from this Court who, in turn will, be responsible for notifying any associated counsel.

CHANGE IN CONTACT INFORMATION: An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case.

An attorney and any pro se party who is permitted to file documents electronically in CM/ECF must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. To update contact information, a Filing User must access PACER's Manage

My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl. The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

CAPTION: In an appeal, the Court uses the district court caption pursuant to FRAP 12(a), 32(a). For a petition for review or original proceeding the Court uses a caption pursuant to FRAP 15(a) or 21(a), respectively. Please review the caption carefully and promptly advise this Court of any improper or inaccurate designations in writing on the Acknowledgment and Notice of Appearance form. If a party has been terminated from the case the caption may reflect that change only if the district court judge ordered that the caption be amended.

APPELLATE DESIGNATIONS: Please review whether appellant is listed correctly on the party listing page of the docket sheet and in the caption. If there is an error, please note on the Acknowledgment and Notice of Appearance Form. Timely submission of the Acknowledgment and Notice of Appearance Form will constitute compliance with the requirement to file a Representation Statement required by FRAP 12(b).

For additional information consult the Court's instructions posted on the website.

Inquiries regarding this case may be directed to 212-857-8527.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

LETICIA FRANCINE STIDHUM,

                Plaintiff,

            -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a
Hillside Auto Outlet; HILLSIDE AUTO
MALL INC. d/b/a Hillside Auto Mall,
ISHAQUE THANWALLA, JORY BARON,
RONALD M. BARON, and ANDRIS
GUZMAN

              Defendants.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-5458 (RPK) (VMS)

RACHEL P. KOVNER, United States District Judge:

A person who wishes to sue for employment discrimination under Title VII of the Civil Rights Act of 1964 must first file a charge with the Equal Employment Opportunity Commission ("EEOC" or "Commission"). The prospective plaintiff may then file a civil suit within 90 days of receiving one of two types of notice: a notice that the charge has been "dismissed by the Commission," or a notice that the Commission has neither "filed a civil action" nor "entered into a conciliation agreement to which the person aggrieved is a party" within 180 days of receiving the charge. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff Leticia Francine Stidhum filed this case without having received either of these types of notice. Instead, before 180 days had passed from the filing of her charge, Ms. Stidhum requested and received what the EEOC terms a "notice of right to sue." Agency regulations provide that the EEOC may issue such a notice if it is "probable" that the Commission "will be unable to complete its administrative processing of the charge within 180 days from the filing of

1

the charge." 29 C.F.R. § 1601.28(a)(2).  Relying on that notice, plaintiff filed this lawsuit bringing

Title VII claims in federal court.

Defendants have moved to dismiss Ms. Stidhum's lawsuit as prematurely filed.  That

motion is granted.  As explained below, a plaintiff may file suit under Title VII only after receiving

notice that her EEOC charge had been dismissed or notice that 180 days had passed without the

agency's entering into a conciliation agreement or filing its own lawsuit in response to the charge.

The statute does not allow the agency to authorize suits at an earlier time.  Accordingly, plaintiff's

federal claim is dismissed without prejudice to refiling after the statutorily required notice is

obtained.  Having dismissed Ms. Stidhum's federal claim, I decline to exercise supplemental

jurisdiction over her state causes of action.

## BACKGROUND

### A.    Statutory and Regulatory Background

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis

of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  Discrimination on the

basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical

conditions."  *Id.* § 2000e(k).  As a prerequisite to filing a lawsuit under Title VII, an aggrieved

person must file a written charge with the EEOC, typically within 180 days after the alleged

unlawful employment practice occurred.  *See id.* § 2000e-5(b), (e)(1).

Upon receipt, the Commission must "serve a notice of the charge . . . within ten days" and

"make an investigation thereof."  *Id.* § 2000e-5(b).  In its investigation, the Commission must

determine whether "reasonable cause" exists "to believe that the charge is true."  *Ibid*.  The

Commission must make that "determination . . . as promptly as possible, and so far as practicable,

not later than one hundred and twenty days from the filing of the charge."  *Ibid.*

2

If the Commission finds no reasonable cause to believe the charge, it must "dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." *Ibid*. If the Commission find reasonable cause to believe the charge, it must "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Ibid*. It "may bring a civil action" if it is "unable to secure from the respondent a conciliation agreement acceptable to the Commission." *Id.* § 2000e-5(f)(1).

Title VII authorizes an aggrieved person to file suit within 90 days after the agency issues one of two types of notice. Section 706(f)(1) of Title VII states:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved.

*Ibid*.

The EEOC has issued a regulation that states that the Commission may issue a document entitled a "notice of right to sue" under a third circumstance. The regulation states that "at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission," the Commission may issue a "notice of right to sue" if "a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued" and one of various officials "has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect." 29 C.F.R. § 1601.28(a)(2).

Courts have reached differing conclusion on whether EEOC's regulation authorizing early right-to-sue letters is a valid exercise of the agency's rulemaking authority. *Compare Martini v.*

*Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999) (invalidating regulation and early-right-to-sue letter); *Gibb v. Tapestry, Inc.*, No. 18-CV-6888, 2018 WL 6329403, at \*5 (S.D.N.Y. Dec. 3, 2018) (same); *Rodriguez v. Connection Tech. Inc.*, 65 F. Supp. 2d 107, 112 (E.D.N.Y. 1999) (same); *Stetz v. Reeher Enters., Inc.*, 70 F. Supp. 2d 119, 123 (N.D.N.Y. 1999) (same); *Spencer v. Banco Real, S.A.*, 87 F.R.D. 739, 748 (S.D.N.Y. 1980) (same), *with Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1275 (10th Cir. 2001) (upholding regulation and early right-to-sue letter); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994) (same); *Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251, 1257 (9th Cir. 1980) (same); *Hernandez v. Premium Merch. Funding One, LLC*, No. 19-CV-1727, 2020 WL 3962108, at \*7 (S.D.N.Y. July 13, 2020) (same); *Figueira v. Black Ent. Television*, 944 F. Supp. 299, 308 (S.D.N.Y. 1996) (same).

### B.    Factual and Procedural Background

On or about April 19, 2019, Ms. Stidhum filed a charge of discrimination with the EEOC. *See* Compl. ¶ 3 (Dkt. #1).  In the charge, Ms. Stidhum alleges that she suffered sex discrimination and retaliation, in violation of Title VII, in connection with her employment at Hillside Auto Mall, Inc.  *See* Complainant Aff. ¶¶ 1-74 (Dkt. #17-1).

Ninety-one days later, on July 19, 2019, the EEOC issued Ms. Stidhum a "notice of right to sue."  *See* Compl. ¶ 4.  The notice states that it was "[i]ssued on request" from the plaintiff by a district director.  *See* Notice of Right to Sue (Dkt. #1-4).  The director marked a box on the form acknowledging that "[l]ess than 180 days have passed since the filing of this charge," but stating that the director "ha[s] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge."  *Ibid.*  The notice also states that "[t]he EEOC is terminating its processing of this charge."  *Ibid.*

On September 25, 2019, plaintiff filed this employment discrimination lawsuit in the Eastern District of New York. *See* Compl. ¶ 1. The lawsuit alleges that defendants discriminated against her in violation of Title VII's prohibitions on sex and pregnancy discrimination. *See id.* ¶¶ 63-70; 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). Plaintiff also raised claims under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(22), *et seq. See* Compl. ¶¶ 71-86.

Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Defs.' Notice of Mot. (Dkt. #15). Defendants argue that Ms. Stidhum's suit was premature because EEOC had not dismissed her charge or considered the charge for 180 days before issuing her right-to-sue letter. *See* Defs.' Memo. at 2-5 (Dkt. #16). Defendants also argue that the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims. *Id.* at 5-6. In March 2021, the parties submitted further supplemental briefing on these and related issues. *See* Pl.'s Supplemental Memo (Dkt. #20); Defs.' Supplemental Memo (Dkt. #23).

## DISCUSSION

Defendants' motion to dismiss is granted, because plaintiff filed suit before obtaining the notice that is a statutory prerequisite to doing so.

### I. Plaintiff's suit was filed prematurely because she had not obtained the statutorily required notice.

Plaintiff filed suit before receiving the notice that Title VII makes a prerequisite to suit. Title VII requires the Commission to notify a person who has filed a discrimination charge when either of two events occurs: "[i]f a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party." 42 U.S.C. § 2000e-5(f)(1).

5

Upon either of those events, "the Commission . . . shall *so notify* the person aggrieved and within ninety days after the giving of *such notice* a civil action may be brought . . . by the person claiming to be aggrieved." *Ibid.* (emphasis added). The statute thus specifies the conditions under which a Title VII suit "may be brought": namely, "the giving of such notice." What notice? The notice that the statute has just described—that the Commission has dismissed a charge, or that it has not filed a civil action or entered into a conciliation agreement within 180 days. Plaintiff had not received either of these types of notice when she filed this lawsuit.

Plaintiff argues that she was nevertheless entitled to file suit because the Commission sent her a letter designated a "notice of right to sue," based upon a determination "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge," 29 C.F.R. § 1601.28(a)(2). She argues that under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984), the Court should defer to the EEOC's apparent view that a plaintiff may bring suit based on a letter like the one in this case— even when the plaintiff's EEOC charge has not been dismissed and 180 days have not passed since its filing. *See* Pl.'s Supplemental Memo at 5-10. But insofar as EEOC construes the statute that way, the agency's construction is not entitled to deference. Assuming that *Chevron* is the appropriate framework to use, *see Edelman v. Lynchburg Coll.*, 535 U.S. 106, 114 (2002), *Chevron* comes into play only to resolve statutory ambiguity; it has no role when "Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842-43. Here, Congress has unambiguously prescribed the type of notice that is a precondition to a Title VII suit. It has directed the EEOC to give notice to a plaintiff under two sets of circumstances—when a charge is dismissed or when 180 days have passed without certain agency actions—and it has authorized a plaintiff to file suit only upon receipt of "such notice." Deference therefore has no role to play.

Some courts have allowed plaintiffs to bring suit after receiving the type of notice here. Those courts have commonly reasoned that Title VII describes two circumstances in which the EEOC must issue a right-to-sue letter, but "does not bar the conclusion that even when neither of the two conditions occurs, the Commission still *may* issue a notice of right to sue." *Figueira*, 944 F. Supp. at 305; *see Hernandez*, 2020 WL 3962108, at *5; *Walker*, 240 F.3d at 1274; *Sims*, 22 F.3d at 1062; *Saulsbury*, 644 F.2d at 1257. That argument does not persuade me. I agree that Section 706(f)(1) requires the agency to provide notice about two events—without requiring or forbidding notice of other occurrences. But notices of those other occurrences cannot authorize the filing of a lawsuit. By providing that the agency must "so notify" a charge-filer when one of two events has occurred, and that a plaintiff may file a lawsuit within 90 days of receiving "such notice," Congress made clear that the only notices that create a right to sue are the notices described in the statute. *Cf. Van Buren v. United States*, 141 S. Ct. 1648, 1655 (2021) (explaining that the "ordinary usage" of "so" refers to "a 'word or phrase already employed,' thereby avoiding the need for repetition," and calls back to "a stated, identifiable proposition from the 'preceding' text").

Several courts have suggested that it would be "pointless" to require an aggrieved person to wait for 180 days before filing suit in those cases in which an agency official believes it is unlikely that the EEOC's investigation will be completed during that time. *Sims,* 22 F.3d at 1061; *see Saulsbury*, 644 F.2d at 1251 ("[I]t would be a travesty to require the EEOC and [plaintiff] to mark time until 180 days were counted off."). But "[t]he 180-day period is not purposeless, merely because the agency claims it seems unlikely to take final action during that time." *Banco Real. S.A.*, 87 F.R.D. at 746. Title VII reflects a strong preference for conciliation over litigation. *See Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486 (2015). "If complainants are required to remain before the agency for 180 days, the primary role of the agency in handling such claims is

emphasized and assured." *Banco Real*, 87 F.R.D. at 746.  Claimants "will naturally press the agency for action, rather than for early right to sue letters." *Ibid.*  And employers—some of whom "very much want to attempt conciliation"—will have a guaranteed window to pursue informal resolution before a lawsuit is filed. *Id.* at 747.  In contrast, permitting the agency to create an exception to the 180-day rule based on its perceived workload would diminish pressure on the agency to efficiently investigate and conciliate cases.  And it would create incentives for the agency "shift a large part of its workload to federal courts" at plaintiffs' request. *Id.* at 746.  Ultimately, the statutory framework favored by either plaintiff or defendants would be a coherent one, but the statutory language makes clear that it is defendants' framework that Congress chose.

Finally, defendants have invoked Section 706(f)(1) at an appropriate stage of the proceedings.  Plaintiff argues that defendants may not challenge her lawsuit as premature through a motion to dismiss because "Title VII exhaustion operate[s] as an affirmative defense, with the burden on the defendant," *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 490 (2d Cir. 2018); *see* Pl.'s Opp'n at 2 (Dkt. #18).  But an "affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010).  Here, the complaint itself states that plaintiff filed a charge "on or about April 19, 2019" and was issued a notice "on July 19, 2019." Compl. ¶¶ 3-4.  It attaches the notice. *See* Notice of Right to Sue.  And the notice  makes clear that it was "[i]ssued on [the plaintiff's] request" even though "[l]ess than 180 days have passed since the filing of this charge," on the basis that an EEOC official "ha[s] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." *Ibid.*  Defendants' arguments are therefore properly raised in a motion to dismiss.

## II.   Plaintiffs' lawsuit is dismissed without prejudice.

Plaintiff's federal claims are dismissed without prejudice to refiling after the EEOC provides plaintiff with notice that it has considered plaintiff's charge for 180 days without filing a lawsuit or entering into a conciliation agreement. *See Martini*, 178 F.3d at 1350 (remanding "with instructions to dismiss the complaint without prejudice"); *see also Stetz*, 70 F. Supp. 2d at 123. Although plaintiff requests a stay rather than dismissal, *see* Pl.'s Mot. for Stay (Dkt. #28), plaintiff will suffer no apparent prejudice from a dismissal without prejudice here.

Plaintiff's state-law claims are also dismissed without prejudice. *See* 28 U.S.C. § 1367(c). Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). These factors counsel in favor of dismissing plaintiff's state-law claims. This case is still in its preliminary stages. And in the event that plaintiff does not refile her federal claims once appropriate notice is obtained, it would be at least as convenient and fair for the parties to litigate plaintiff's state-law claims in state court. Indeed, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006); *see Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2020) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well."). If plaintiff obtains the appropriate notice and refiles her federal claims, she is free to include her state claims in the refiled case, as well.

## CONCLUSION

Defendants' motion is granted. Plaintiff's complaint is dismissed without prejudice. The EEOC is directed to reopen plaintiff's charge. Plaintiff may renew her complaint once the EEOC

either (i) dismisses her charge and issues her a proper notice of right to sue, or (ii) processes her

charge for an additional eighty-nine days and issues her a proper notice of right to sue.

       SO ORDERED.

                                     */s/  Rachel Kovner*
                                     RACHEL P. KOVNER
                                     United States District Judge

Dated:        June 25, 2021
               Brooklyn, New York


## Activity in Case 1:19-cv-05458-RPK-VMS Stidhum v. 161-10 Hillside Auto Ave, LLC et al Order on Motion to Dismiss for Failure to State a Claim

1 message

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>                Mon, Apr 5, 2021 at 8:08 PM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 4/5/2021 at 8:08 PM EDT and filed on 4/5/2021
**Case Name:**          Stidhum v. 161-10 Hillside Auto Ave, LLC et al
**Case Number:**        1:19-cv-05458-RPK-VMS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER: Defendants' motion to dismiss at [15] is granted. An opinion will follow shortly. Ordered by Judge Rachel P. Kovner on 4/5/2021. (Lewis, Benjamin).**

**1:19-cv-05458-RPK-VMS Notice has been electronically mailed to:**

John Troy    johntroy@troypllc.com, docket@troypllc.com, troylaw@troypllc.com, troylawpllc@gmail.com, williamwang@troypllc.com

Emanuel Kataev    emanuel@mllaborlaw.com, mail@emanuelkataev.com

Leanghour Lim    leanghourlim@gmail.com

**1:19-cv-05458-RPK-VMS Notice will not be electronically mailed to:**

<u>**ADDENDUM B:**</u>

<u>**List of Proposed Issues and Applicable Standard of Review**</u>

**A.** Whether the District Court erred in finding that Plaintiff Leticia Stidhum's federal Title VII and PDA discrimination claims were filed prematurely based on the receipt of a "Notice of right to sue" from the Equal Employment Opportunity Commission (EEOC) which determined the it was probable the EEOC would be unable to complete its administrative processing of the plaintiff's charge submitted to the EEOC within the 180 days that Title VII of the Civil Rights Act of 1964 requires parties to wait before filing suit in a Federal District Court. 29 C.F.R. § 1601.28(a)(2).

The District Court's conclusions of law are reviewed *de novo*.

**B.** Whether the District Court erred in finding that the only notices that create a right to sue are the notices described in the statute under 42 U.S.C. § 2000e-5(f)(1): a notice that the charge has been "dismissed by the Commission," or a notice that the Commission has neither "filed a civil action" nor "entered into a reconciliation agreement to which the person aggrieved is a party" within 180 days of receiving the charge.

The District Court's conclusions of law are reviewed *de novo*.

**C.** Whether the District Court erred in finding that the EEOC's regulation under 29 C.F.R. § 1601.28(a)(2) is not entitled to *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984) deference because Congress has "unambiguously prescribed the type of notice that is a precondition to a Title VII suit," namely: a notice that the charge has been "dismissed by the Commission," or a notice that the Commission has neither "filed a civil action" nor "entered into a reconciliation agreement to which the person aggrieved is a party" within 180 days of receiving the charge.

The District Court's conclusions of law are reviewed *de novo*.

**D.** Whether the District Court erred in finding that the EEOC may not issue a notice of right to sue even when the two conditions, namely dismissal by the commission, or failure to file a civil action or enter a reconciliation agreement within 180 days of receiving the charge.

The District Court's conclusions of law are reviewed *de novo*.

**E.** Whether the EEOC is entitled to create an exception to the 180-day rule based on a case-by-case determination.

The District Court's conclusions of law are reviewed *de novo*.

**F.**   Whether Defendants' invocation of Section 706(f)(1) is proper at the pretrial Motion to Dismiss stage based on the Complaint and the notice of right to sue.

The District Court's conclusions of law are reviewed *de novo*.


**G.**   Whether the District Court erred in finding that Congress has issued its unambiguous intent on creating a mandatory 180-day waiting period for a Title VII suit.

The District Court's conclusions of law are reviewed *de novo*.