# 21-1653-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

➤➤ ◄◄

LETICIA FRANCINE STIDHUM,

*Plaintiff-Appellant,*

*v.*

161-10 HILLSIDE AUTO AVE, LLC, DBA HILLSIDE AUTO OUTLET,
HILLSIDE AUTO MALL, INC., DBA HILLSIDE AUTO MALL,
ISHAQUE THANWALLA, JORY BARON, RONALD M. BARON, ANDRIS GUZMAN,

*Defendants-Appellees.*

_____

*On Appeal from the United States District Court
for the Eastern District of New York*

## BRIEF FOR DEFENDANTS-APPELLEES

Emanuel Kataev
MILMAN LABUDA LAW GROUP PLLC
*Attorneys for Defendants-Appellees*
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
516-328-8899

*21-1653-cv*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

LETITIA FRANCINE STIDHUM,

Plaintiff-Appellant,

v.

161-10 HILLSIDE AUTO AVE, LLC, HILLSIDE AUTO
MALL INC, ISHAQUE THANWALLA, RONALD M. BARON,
JORY BARON, and ANDRIS GUZMAN,

Defendants-Appellees.

_____

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure (hereinafter

"App. Rules" or "App. Rule"), the undersigned counsel of record for the Defendants-

Appellees, 161-10 Hillside Auto Ave, LLC ("161-10") and Hillside Auto Mall Inc

("Auto Mall"), states that they have no parent corporations, and that there are no

publicly held corporations, which own ten percent (10%) or more of their respective

stock.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ..........................................................i

TABLE OF AUTHORITIES .......................................................................... iii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ........................................................................1

STATEMENT OF ISSUES ............................................................................2

STATEMENT OF THE CASE..........................................................................2

SUMMARY OF THE ARGUMENT ....................................................................4

STANDARD OF REVIEW ............................................................................5

    A.  Timely Notice of Appeal................................................................5

    B.  Rule 12(b)(6) ..........................................................................5

ARGUMENT .........................................................................................9

    POINT I

    APPELLANT'S APPEAL MUST BE DISMISSED AS
    UNTIMELY ........................................................................................9

    POINT II

    THE LOWER COURT'S DECISION MUST BE AFFIRMED
    IN ANY EVENT ..........................................................................13

CONCLUSION ......................................................................................25

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 25(A)(6) .................26

CERTIFICATE OF COMPLIANCE WITH RULE 32(A) .....................................26

CERTIFICATE OF SERVICE .........................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)................................................................6

Bowles v. Russell,
    551 U.S. 205 (2007)................................................................5

Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,
    467 U.S. 837 (1984)..............................................................18

Fed. Hous. Fin. Agency v. UBS Americas Inc.,
    712 F.3d 136 (2d Cir. 2013) ................................................23

Fort Bend County v. Davis,
    139 S.Ct. 1843 (2019).........................................................14

Fowlkes v. Ironworkers Local 40,
    790 F.3d 378 (2d Cir. 2015) ................................................21

Fracasse v. People's United Bank,
    747 F.3d 141 (2d Cir. 2014) ..................................................1

Francis v. City of New York,
    235 F.3d 763 (2d Cir. 2000) ..................................................7

Gibb v. Tapestry, Inc.,
    No. 18-CV-6888 (LAP), 2018 U.S. Dist. LEXIS 204112
    (S.D.N.Y. Nov. 30, 2018)...........................................7, 8, 13

Hardaway v. Hartford Pub. Works Dep't,
    879 F.3d 486 (2d Cir. 2018) ..................................................6

Hellgren v. Bell Atl. Corp.,
    No. 99-CIV.-11937 (CM), 2000 U.S. Dist. LEXIS 7630
    (S.D.N.Y. May 30, 2000).....................................................23

Henschke v. N.Y. Hosp.-Cornell Med. Ctr.,
    821 F. Supp. 166 (S.D.N.Y. 1993) .......................................8

In re Cahn,
 188 B.R. 627 (B.A.P. 9th Cir. 1995) ...................................................................11

In re Sperna,
 173 B.R. 654 (B.A.P. 9th Cir.1994) ....................................................................11

Ingram v. ACandS, Inc.,
 977 F.2d 1332 (9th Cir.1992) ..............................................................................11

Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,
 274 F.3d 683 (2d Cir. 2001) ...................................................................................7

Maple v. Publications Intern., Ltd.,
 No. 99 C 6936, 2000 WL 85951 (N.D. Ill. Jan. 19, 2000). ................................17

Martini v. Federal National Mortgage Ass'n,
 178 F.3d 1336 (D.C. Cir. 1999), cert. dismissed,
 528 U.S. 1147 (2000).................................................................................*passim*

Mills v. Jefferson Bank E.,
 559 F. Supp. 34 (D. Colo. 1983).........................................................................19

Montesano v. Principi,
 47 Fed. Appx. 608 (2d Cir. 2002)........................................................................21

Montoya v. Valencia County,
 872 F. Supp. 904 (D.N.M. 1994).........................................................................18

New York v. Holiday Inns, Inc.,
 656 F. Supp. 675 (W.D.N.Y. 1984).................................................................18, 19

Occidental Life Insurance Co. of California v. EEOC,
 432 U.S. 355 (1977)..........................................................................................17, 18

Perez v. AC Roosevelt Food Corp.,
 744 F.3d 39 (2d Cir. 2013) ....................................................................................9

Perez v. Subcontracting Concepts, LLC,
 565 Fed. Appx. 25 (2d Cir. 2014)..........................................................................5

Pioneer Investment Services Company v.
 Brunswick Associates Limited Partnership,
 507 U.S. 380 (1993)........................................................................................5, 11

iv

Rajkovic v. F.B.I.,
  949 F. Supp. 2d 139 (D.D.C. 2013)........................................................10, 11, 12

Rodriguez v. Connection Tech.,
  65 F. Supp. 2d 107 (E.D.N.Y. 1999) ...................................................................8

Roldan v. Racette,
  984 F.2d 85 (2d Cir.1993) ...................................................................................5

Rothstein v. UBS AG,
  708 F.3d 82 (2d Cir. 2013) ..................................................................................5

Saulsbury v. Wismer & Becker, Inc.,
  644 F.2d 1251 (9th Cir. 1980) ......................................................................20, 21

Silivanch v. Celebrity Cruises, Inc.,
  333 F.3d 355 (2d Cir. 2003) ..............................................................................10

Sims v. Trus Joist MacMillan,
  22 F.3d 1059 (11th Cir. 1994) ......................................................................20, 21

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
  551 U.S. 308 (2007)..............................................................................................6

Walker v. United Parcel Serv. Inc.,
  240 F.3d 1268 (10th Cir. 2001) ....................................................................20, 21

Weise v. Syracuse Univ.,
  522 F.2d 397 (2d Cir.1975) ...............................................................................22

**Statutes**

28 U.S.C. § 1291 ......................................................................................................1

28 U.S.C. § 1331 ......................................................................................................1

28 U.S.C. § 2107(a) ..............................................................................................9, 10

42 U.S.C. § 2000e-5(b) ....................................................................................16, 19, 23

42 U.S.C. § 2000e-5(f)(1) ................................................................................passim

Civil Rights Act of 1964 Title VII .....................................................................passim

## Rules

Federal Rules of Appellate Procedure Rule 3.....................................................9

Federal Rules of Appellate Procedure Rule 3(c)(1)(B) ...........................................11

Federal Rules of Appellate Procedure Rule 4.................................................9, 10

Federal Rules of Appellate Procedure Rule 4(a)(1)(A) ...........................................9

Federal Rules of Appellate Procedure Rule 4(a)(5)...........................................5, 11

Federal Rules of Appellate Procedure Rule 4(a)(7)...............................................12

Federal Rules of Civil Procedure Rule 8 ..............................................................21

Federal Rules of Civil Procedure Rule 12(b)(1)...................................................20

Federal Rules of Civil Procedure Rule 12(b)(6)..............................................*passim*

Federal Rules of Civil Procedure Rule 56 ............................................................20

Federal Rules of Civil Procedure Rule 58 ............................................................12

Federal Rules of Civil Procedure Rule 58(a).........................................................12

## Regulations

29 C.F.R. § 1601.28 ...........................................................................................17

29 C.F.R. § 1601.28(a)(2) ...................................................................3, 16, 18, 22

## Other Authorities

118 CONG. REC. 1069 (1972)............................................................................24

118 CONG. REC. 7168 (1972)............................................................................24

1972 U.S.C.C.A.N. at 2148 ...............................................................................24

5B C. Wright & A. Miller, Federal Practice and Procedure § 1357
    (3d ed. 2004 & Supp. 2007)....................................................................6

H.R.REP. NO. 92–238 (1971), reprinted in
    1972 U.S.C.C.A.N. 2137 ......................................................................................24

S.REP. NO. 92–415 (1971)......................................................................................24

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Plaintiff Letitia Francine Stidhum (hereinafter the "Appellant") brought this action in the United States District Court for the Eastern District of New York against 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet, Hillside Auto Mall Inc d/b/a Hillside Auto Mall, Ishaque Thanwalla, Jory Baron, Ronald M Baron, and Andris Guzman (collectively, the "Appellees"), alleging claims of: (i) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (ii) disability discrimination under the New York State Human Rights Law ("NYSHRL"); (iii) sex discrimination under the NYSHRL; and (iv) pregnancy discrimination under the New York City Human Rights Law ("NYCHRL"). The District Court's jurisdiction over this matter was conferred because the matter presented questions arising under federal law pursuant to 28 U.S.C. § 1331. See Fracasse v. People's United Bank, 747 F.3d 141 (2d Cir. 2014).

The District Court (Kovner, J.) granted Appellees' motion to dismiss Appellant's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). (A092, A103-A112). The Order dismissing the complaint was dated April 5, 2021. (A-092). The Memorandum and Order was issued on June 25, 2021. (A103-A112). Appellant filed her Notice of Appeal untimely on May 24, 2021 as an appeal of right pursuant to 28 U.S.C. § 1291. (A94).

The Appellant's deadline to file her notice of appeal fell on May 5, 2021, thirty (30) days after the April 5, 2021 Order dismissing the complaint.

## STATEMENT OF ISSUES

(1)    Whether the Court below must dismiss this appeal as untimely where the Appellant filed her notice of appeal nineteen (19) days late; and

(2)    To the extent this appeal is nonetheless considered, whether the Court below acted properly in granting Appellees' motion to dismiss the complaint.

## STATEMENT OF THE CASE

On September 25, 2019, Appellant commenced a case in the United States District Court for the Eastern District of New York asserting claims of discrimination under Title VII, the NYSHRL, and the NYCHRL, to which Appellant appended a Notice of Right to Sue (the "Notice") (A001-A018).

Prior to commencement of the action in court, on or about April 14, 2019, Appellant filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which the Appellees only received notice of on or about July 29, 2019.  (A033-A041).

On the very same day that EEOC notified Appellees that Appellant filed a Charge of Discrimination, the EEOC simultaneously issued Appellant a Notice following Appellant's request for same.  (A016-A018).

The Notice expressly provided that "[l]ess than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge" and "[t]he EEOC is terminating its process of this charge." Id. Because of the timing of the filing of the EEOC charge and the issuance of the Notice, Appellees were thus never given an opportunity to respond to the charge nor conciliate Id. (stating that no action is required by Appellees and where Box 5, which concerns mediation, is unchecked).

On April 5, 2021, the lower court dismissed the complaint following full and supplemental briefing. (A019-A092, A103-A112). The lower court properly and appropriately reasoned that Title VII requires a plaintiff to receive a notice from the EEOC that it has dismissed the charge or that it has not filed a civil action or entered into a conciliation agreement within 180 days. (A103-A112). The lower court also properly held that Appellant's reliance on 29 C.F.R. § 1601.28(a)(2) is misplaced because, where Congress has unambiguously prescribed the type of notice that is a precondition to a Title VII suit and directed the EEOC to give notice of a charging party's right to sue only upon the dismissal of the charge or when 180 days have passed without action by it, no deference is to be afforded to the regulation. Id.

Appellant filed her Notice of Appeal untimely on May 24 – after the May 5, 2021 deadline to timely do so. (A94).

## SUMMARY OF THE ARGUMENT

At the outset, Appellant's appeal must be dismissed as untimely. This Court lacks jurisdiction to hear the instant appeal because a notice of appeal was not timely filed before the deadline and because no proper extension of time has been obtained. To the extent that this Court exercises its discretion and considers the merits of this case (which it should not do because Appellant failed to request any extension and, in any event, fails to establish excusable neglect for failing to timely file a notice of appeal), this Court should nonetheless affirm.

The Memorandum and Order should also be affirmed because the D.C. Circuit Court of Appeals and a long line of cases in district courts within the Second Circuit properly hold, upon examining the legislative history of Title VII, that its statutory text plainly invalidates any early right-to-sue letter such that no deference is required to any regulation promulgated by the EEOC. This is because the 180 day period set forth in Title VII serves as a stopgap to prevent opening the floodgates of discrimination suits battering federal courthouse doors, to permit the EEOC to investigate charges of discrimination, decide whether to sue on behalf of charging parties, and permit conciliation efforts to dispose of cases informally through settlement conferences and other forms of alternative dispute resolution.

## STANDARD OF REVIEW

### A.    Timely Notice of Appeal

"The requirement of filing a timely notice of appeal is 'mandatory and jurisdictional.'" See Bowles v. Russell, 551 U.S. 205, 207 (2007). The Second Circuit can nonetheless exercise its discretion and consider the merits in the interests of justice. See Perez v. Subcontracting Concepts, LLC, 565 Fed. Appx. 25, 26 (2d Cir. 2014) (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993)).

To determine whether a litigant has established "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5), courts consider the four factors set forth by the Supreme Court in Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). Those factors are: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. at 395.

### B.    Rule 12(b)(6)

In reviewing a Rule 12(b)(6) dismissal, the Second Circuit must accept as true all non-conclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiff's favor. See, e.g., Rothstein v. UBS AG, 708 F.3d 82, 94 (2d Cir. 2013).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

Further, the Second Circuit must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. See <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007) (<u>citing</u> 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004 & Supp. 2007)).

If the facts alleged are ambiguous, the applicable substantive law defines the range of inferences that are permissible. <u>See</u>, <u>e.g.</u>, <u>Iqbal</u>, 556 U.S. at 675 ("In <u>Twombly</u>, [550 U.S.] at 553-554 ... the Court found it necessary first to discuss the antitrust principles implicated by the complaint"). Accordingly, the Second Circuit should "begin by taking note of the elements a plaintiff must plead to state a claim ...." <u>See</u> <u>Id.</u>

The Second Circuit has repeatedly held that "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." <u>See</u> <u>Hardaway v. Hartford Pub. Works Dep't</u>, 879 F.3d 486, 489 (2d Cir. 2018).

Indeed, "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." See Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000). A claimant must exhaust administrative remedies through the EEOC before bringing Title VII claims to court. See Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Title VII requires a one hundred and eighty (180) day conciliation period before any civil action can be brought against a respondent charged with discrimination. See 42 U.S.C. § 2000e–5(f)(1).

Title VII expressly provides that:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought against the respondent named in the charge.

Id.

"Only after 180 days have elapsed may the charging party pursue his or her claims in court." See Gibb v. Tapestry, Inc., No. 18-CV-6888 (LAP), 2018 U.S. Dist. LEXIS 204112, at *11 (S.D.N.Y. Nov. 30, 2018).

The issuance of a premature Notice of Right to Sue is grounds for dismissal without prejudice and requires remand to the EEOC.  See Gibb, 2018 U.S. Dist. LEXIS 204112, at *11 (granting motion to dismiss Title VII claim where EEOC issued right-to-sue letter fifty-six (56) days after EEOC charge was filed); Rodriguez v. Connection Tech., 65 F. Supp. 2d 107, 112 (E.D.N.Y. 1999) (holding that EEOC's "issuance of a right-to-sue letter, only 39 days after the filing of the complaint, was unwarranted and in violation of [Title VII's] 180 day mandatory waiting requirement"); Henschke v. N.Y. Hosp.-Cornell Med. Ctr., 821 F. Supp. 166, 171 (S.D.N.Y. 1993) (granting motion to dismiss Title VII claim where EEOC issued right-to-sue letter thirty-one (31) days after EEOC charge was filed).  In each of the above-cited cases, the plaintiff's Title VII claims were suspended pending resubmission of the EEOC charge "for a period long enough so plaintiff's charge will actually have been before the agency for the requisite 180-day period."  See, e.g., Gibb, 2018 U.S. Dist. LEXIS 204112, at *22; Henschke, 821 F. Supp. at 171; Rodriguez, 65 F. Supp. 2d at 113.

For the reasons set forth below, this appeal must be dismissed as untimely and, even if the appeal is considered, the decision below must be affirmed.

# ARGUMENT

## POINT I

### APPELLANT'S APPEAL MUST BE DISMISSED AS UNTIMELY

Rule 3 of the Federal Rules of Appellate Procedure (hereinafter "App. Rule") provides that an appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by App. Rule 4.

In turn, App. Rule 4 provides that in a civil case, except as otherwise provided,[1] the notice of appeal required by App. Rule 3 must be filed with the district clerk within thirty (30) days after entry of the judgment *or* order appealed from. See Fed. R. App. P. 4(a)(1)(A) (emphasis added); see also 28 U.S.C. § 2107(a) (providing that no appeal shall bring any *judgment, order or decree* in an action, suit or proceeding of a civil nature before a court of appeals for review *unless* notice of appeal is filed, *within thirty days after the entry of such judgment, order or decree*) (emphasis added).

Critically, the time limitations for filing a notice of appeal prescribed by App. Rule 4 are mandatory and jurisdictional. See Perez v. AC Roosevelt Food Corp., 744 F.3d 39 (2d Cir. 2013).

---

[1] ANone of the enumerated exceptions apply.

Though a court of appeals must determine whether a notice of appeal was timely filed so as to give it jurisdiction, if no notice of appeal is filed before the deadline, the court of appeals lacks jurisdiction to hear the appeal unless a proper extension has been obtained. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355 (2d Cir. 2003). Here, on April 5, 2021, this Court entered an Order granting Defendants' motion to dismiss. (A092). Though the Order provided that an opinion – i.e., not an Order, judgment, or decree pursuant to App. Rule 4 and 28 U.S.C. § 2107(a) – will follow shortly, Plaintiff's time to file a notice of appeal commenced on April 5, 2021 – for thirty (30) days – and was therefore due by May 5, 2021.

The untimely notice of appeal filed on May 24, 2021 is nineteen (19) days late and Plaintiff has not sought permission to file a late notice of appeal pursuant to App. Rule 4, despite the fact this issue was brought to their attention by the Appellees. (A094, A095-A096). The appeal must therefore be denied as untimely.

Plaintiff may argue that she was waiting for this Court's opinion and that the delay between the Order and the opinion served to toll her May 5, 2021 deadline to file a notice of appeal. Plaintiff would be incorrect; courts have held that a district court's minute order granting a motion to dismiss was fully effective as a final, appealable order, and its entry began running of the time to appeal. See Rajkovic v. F.B.I., 949 F. Supp. 2d 139 (D.D.C. 2013).

Indeed, the court in Rajkovic specifically held that Orders just like the one lower court issued here are considered final appealable orders. Id. (citing Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must ... designate the *judgment, order,* or part thereof being appealed....") (emphasis added); Ingram v. ACandS, Inc., 977 F.2d 1332, 1338-39 (9th Cir.1992) (holding that a minute order may constitute a dispositive order for notice of appeal purposes); see also In re Cahn, 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) ("Even a minute entry order can be a final, appealable order 'if it fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act.'") (quoting In re Sperna, 173 B.R. 654, 657 (B.A.P. 9th Cir.1994))). This Court should similarly hold here, as there is no basis to construe the existence of any toll for the time it takes to issue an opinion; doing so would only serve to undermine the Federal Rules of Appellate Procedure which, in this case, are mandatory and jurisdictional.

Further, Plaintiff fails to establish the existence of any excusable neglect *had she* moved for an extension of time to notice an appeal pursuant to App. Rule 4(a)(5), and a review of the factors can leave this Court with the firm conviction that denial of any such motion, had it been made, would be appropriate.

In examining the first factor under Pioneer, prejudice abounds to the Appellees. Despite the fact Appellant has failed to timely file a notice of appeal, Appellees are forced to expend time and resources in opposing the instant appeal.

As to the second factor, the length of delay in Appellant's pursuit of a purely pyrrhic victory to establish entitlement to the use of an early right-to-sue letter is unconscionable and inappropriate, and Appellant's nineteen (19) day delay in failing to timely notice an appeal is too long given the short length of a notice of appeal and the availability of forms provided by the Court to assist parties in doing so.

There is no evidence in the record, further, concerning the reason why Appellant failed to timely file a notice of appeal in reviewing the third factor. Instead, Plaintiff inexplicably relies on Rule 58, which deals with judgments and has no bearing on the instant case because the complaint was dismissed without prejudice such that no judgment would issue in any event. (A097-A098). In fact, the court in <u>Rajkovic</u> dealt with this argument and made quick work of it. <u>See</u> <u>Rajkovic</u>, 949 F. Supp. 2d at 142 ("Seeking to avoid that result, Ms. Rajkovic construes the Court's November 27, 2012 Minute Order to be legally ineffective as a final order and argues that the time for appeal did not begin to run under Appellate Rule 4(a)(7) and Federal Rule of Civil Procedure 58(a) … Ms. Rajkovic is mistaken.")

Similarly, Appellant's argument that the lower court failed to include a notice of appeal with its opinion amounts to *ipse dixit*. Appellant cites to no authority for such a requirement, and none can be gleamed from the Federal Rules of Appellate Procedure.

Finally, the existence of good faith can nary be found where Appellant failed to seek an extension of time to file a late notice of appeal and otherwise provide any justification for failing to timely file a notice of appeal in the first instance. Appellant's bad faith is all the more apparent due to her undeniable failure to address the timeliness of her appeal in her brief.

Accordingly, Appellant's appeal must be dismissed as untimely.

## POINT II

## THE LOWER COURT'S DECISION MUST BE AFFIRMED IN ANY EVENT

Title VII requires a one hundred and eighty (180) day conciliation period before any civil action can be brought against a respondent charged with discrimination.  See 42 U.S.C. § 2000e–5(f)(1).  Indeed, Title VII provides that:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought against the respondent named in the charge.

Id.  "Only after 180 days have elapsed may the charging party pursue his or her claims in court."  See Gibb v. Tapestry, Inc., No. 18-CV-6888 (LAP), 2018 U.S. Dist. LEXIS 204112, at *11 (S.D.N.Y. Nov. 30, 2018).

In this case, while Appellant filed a charge of discrimination in April 2019, she requested an early right-to-sue letter from the EEOC shortly thereafter. As a result, on or about July 29, 2019, the Appellees received notice of the charge of discrimination *together with* Appellant's notice of right-to-sue.

Appellant argues that the Notice she received complies with the statute because the EEOC informed her that it would most likely not be able to process her claim within 180 days and issued her an early right-to-sue letter. However, this statement is untrue, as <u>Appellant undeniably herself requested an early right-to-sue letter so early after she filed her charge, the notice of right to sue was sent together with a notice of charge of discrimination</u>! (A016, A033).

The facts present on this appeal indicate the complete abandon by both the Appellant and the EEOC in complying with the statutory requirements of Title VII and provide a cautionary tale to this Court about the negative effects of permitting early right-to-sue letters.

As an initial matter, Appellees' objection to Appellant's failure to exhaust administrative remedies must be raised in a timely manner at risk of forfeiture. The Supreme Court of the United States recently held that exhaustion of remedies is merely a claim-processing rule that an employer forfeits if an objection is not raised in a timely manner. <u>See</u> <u>Fort Bend County v. Davis</u>, 139 S.Ct. 1843 (2019).

The Supreme Court held there, too, that Title VII's charge-filing provisions "speak to ... a party's procedural obligations[,]" and require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action. Id. at 1851 (citation omitted).

In 1999, the Court of Appeals for the District of Columbia Circuit was the first appellate court to hold that the EEOC may not issue an early right-to-sue letter. See Martini v. Federal National Mortgage Ass'n, 178 F.3d 1336 (D.C. Cir. 1999), cert. dismissed, 528 U.S. 1147 (2000).

There, the D.C. Circuit vacated and remanded a judgment in favor of the plaintiff, Elizabeth Martini, for $903,500.00 on sexual harassment and retaliation claims following a jury trial because the EEOC had granted a right-to-sue letter only twenty-one (21) days after she had filed her charge with the EEOC. Id. The court "conclude[d] that the EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day."

This Court should decide this appeal like the court in Martini did because Title VII clearly and unambiguously provides that the EEOC must act to investigate, conciliate, and decide whether it wants to bring its own action before issuing any notice to a charging party providing him or her the right to sue.

A holding to the contrary would only serve to undermine the very purpose of the EEOC's existence as a buffer to the federal courthouse door. Notwithstanding Title VII's clear requirement that a charge is to remain pending with the EEOC for 180 days, the EEOC has issued a regulation interpreting 42 U.S.C. § 2000e-5(f)(1):

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued.., the Commission may issue such notice.. . at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the District Director [or other delegated officials] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect

See Notice of Right to Sue: Procedure and Authority, 29 C.F.R. § 160 1.28(a)(2) (1997). The Martini Court properly found that "Congress clearly intended to prohibit private suits within 180 days  after charges are filed," and it therefore held that the EEOC's interpretation of Title VII allowing for early right-to-sue letters violated the clear and unambiguous intent of Congress.

In deciphering the intent of Congress not to allow early private suits, the Martini court relied on a provision of Title VII prescribing the EEOC's duties that requires a prompt determination-within 120 days if practicable. See 42 U.S.C. § 2000e-5(b) ("The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge ....").

16

The <u>Martini</u> court found that "the Commission's duty to investigate is both mandatory and unqualified," and that Congress "hoped that recourse to the private lawsuit will be the exception and not the rule." <u>See</u> <u>Martini</u>, 178 F.3d at 1346, 1346-47. Further, not allowing early private suits should put pressure on the EEOC to improve its investigatory procedures or perhaps to ask Congress for additional funding so that it would be able to complete its statutory duties. <u>Id.</u> at 1347.

Appellant relies on a non-binding trial court decision in <u>Maple v. Publications Intern., Ltd.</u> from the Northern District of Illinois which held that "[a] plain reading of § 2000e-5(f)(1) provides no indication that Congress intended to create a mandatory 180-day waiting period before the EEOC may issue a right-to-sue letter." <u>See</u> No. 99 C 6936, 2000 WL 85951 (N.D. Ill. Jan. 19, 2000). This holding is directly contradicted by the well-reasoned decision in <u>Martini</u>, and a wealth of binding authority should lead this Court to hold as the D.C. Circuit did in <u>Martini</u>.

The Supreme Court, in *dictum*, before 29 C.F.R. § 1601.28 was promulgated, reached the same result in <u>Martini</u> when seven Justices agreed that early suits prior to the expiration of 180 days should not be permitted. <u>See</u> <u>Occidental Life Insurance Co. of California v. EEOC</u>, 432 U.S. 355, 361 (1977) ("a natural reading of [Title VII] can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so").

After the EEOC promulgated 29 C.F.R. § 1601.28(a) (2), the court in Montoya v. Valencia County used similar reasoning to that of the Supreme Court in Occidental Life. See 872 F. Supp. 904, 906 (D.N.M. 1994). In Montoya, the court held that, even exercising the deference to the Commission required by Chevron,[2] the EEOC's interpretation was "patently inconsistent with section 2000e5(f)(1)." Id. The court therefore rejected the allowance of an early suit and subsequently granted the defendants' motion to dismiss the case; the court expressed sympathy for the EEOC's difficulties in carrying out its duties but suggested that the proper way to resolve the lack of funding and inability to investigate all charges within the statutory time limit was to ask Congress to amend the statute or increase funding, and that unilateral action by the agency in issuing a regulation contrary to its underlying statute was not the solution. Id. ("The Commission must look to Congress to amend the statute or otherwise ease its regulatory burden").

Similarly, in New York v. Holiday Inns, Inc., the district court noted the attractiveness of allowing plaintiffs to sue prior to the expiration of the time period when the EEOC is backlogged, but quoted the *dictum* from Occidental Life stating that it was Congress's intent that 180 days must elapse before charges could be filed in district court. See 656 F. Supp. 675, 679 (W.D.N.Y. 1984).

---

[2] See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

The court in <u>Holiday Inns</u> noted that despite the apparent "futility of forcing victims of discrimination to 'mark time' when it appears that the EEOC will be unable to investigate their charges or reach conciliation proceedings within the 180-day period," arguments for allowing early suits should be addressed to Congress rather than to the judiciary. <u>Id.</u> at 679-80.

Other courts have noted that the purpose of the 180-day period is to induce conflict resolution through conciliation within the EEOC rather than litigation. <u>See Mills v. Jefferson Bank E.</u>, 559 F. Supp. 34, 35 (D. Colo. 1983) (collecting cases).

All of these reasons support affirming the lower court's decision here. Of particular import, the Court in <u>Martini</u> examined the legislative history behind Title VII in conjunction with 42 U.S.C. § 2000e-5(b) in finding that early right-to-sue notices are invalid. Moreover, separate and apart from the EEOC's mandate to investigate every charge as set forth in the statute and observed by <u>Martini</u>, attention must be given to the EEOC's equal mandate to engage in conciliation efforts with respect to all charges filed with the EEOC. Congress indicated its belief that informal resolution of charges, even as late as the 180th day, would be preferable to allowing complainants to sue earlier. <u>See Martini</u>,178 F.3d at 1347.

In further support of her appeal, Appellant will undoubtedly rely on the Ninth, Tenth, and Eleventh Circuit Courts' decisions which run contrary to <u>Martini</u> but are inapposite to the instant case for numerous reasons.

First, their procedural postures dealt with motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules") or motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), whereas here, Appellees move for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). See Walker v. United Parcel Serv. Inc., 240 F.3d 1268, 1275 (10th Cir. 2001) (hereinafter "Walker") (appeal from Order granting summary judgment pursuant to Rule 56); Sims v. Trus Joist MacMillan, 22 F.3d 1059, 1061-63 (11th Cir. 1994) (hereinafter "Sims") (appeal from Order dismissing complaint due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1)); Saulsbury v. Wismer & Becker, Inc., 644 F.2d 1251, 127 (9th Cir. 1980) (hereinafter "Saulsbury") (appeal from Order granting summary judgment pursuant to Rule 56).

Second, reading the statute as a whole, and not limiting the analysis of the provision in 42 U.S.C. § 2000e-5(f)(1) leads to the inescapable conclusion that a plaintiff must wait 180 days in order to proceed with filing suit. The Court in Martini held as much, while the courts in Walker, Sims, and Saulsbury never addressed this issue. As a result, this Court should align itself with the reasoning set forth in Martini.

But there are other reasons why Walker, Sims, and Saulsbury are to be afforded no weight.

In <u>Walker</u>, the Tenth Circuit acted in the interests of justice to save a plaintiff from being deprived of the right to pursue her Title VII claim on technical grounds. This risk and injustice is not present here, as Defendants do not seek the dismissal of Plaintiff's claims with prejudice, and a decision dismissing and remanding the case to the EEOC for investigation purposes and conciliation efforts will not deprive Plaintiff of her day in court should the parties not be able to reach a resolution.

In <u>Saulsbury</u>, the Ninth Circuit dealt with a similar situation where it also acted in the interests of justice to save a plaintiff from losing her right to pursue her claim due to technical, legal, and procedural grounds. Again, this risk is not present here.

Similarly, in <u>Sims</u>, the defendants there sought dismissal for lack of subject matter jurisdiction. Here, where Defendants move to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), and Plaintiff can in no way disavow her duty under Rule 8 to plead that she has exhausted her administrative remedies prior to proceeding to suit, the Eleventh Circuit's decision is inapposite. <u>See</u> <u>Fowlkes v. Ironworkers Local 40</u>, 790 F.3d 378, 384 (2d Cir. 2015); <u>see also</u> <u>Montesano v. Principi</u>, 47 Fed. Appx. 608, 609 (2d Cir. 2002) (summary order dismissing claims for failure to exhaust administrative remedies).

As the trial court below found, Plaintiff failed to exhaust her administrative remedies which is apparent from a review of the complaint.

In an effort to avoid the inevitable decision affirming the lower court's Order dismissing the complaint below, the Appellant engages in a song and dance of statutory interpretation concerning the words "if" and "shall" and cites to non-binding unpersuasive authority outside of the Second Circuit to argue that the clearly conveyed Congressional intent in requiring charges of discrimination to remain with the EEOC for 180 days may be flouted by the EEOC at its whim because, Appellant argues, the very same statute is ambiguous despite numerous district courts within the Second Circuit holding otherwise.

Indeed, this Court itself has only permitted a litigant to avail himself of an early right-to-sue letter in a very limited circumstance. In Weise v. Syracuse Univ., this Court held that it was appropriate for the EEOC to issue a Notice of Right to Sue when there was a prior charge against the same employer that had been pending before the EEOC for more than 180 days, and conciliation seemed unlikely. 522 F.2d 397, 412 (2d Cir.1975) ("While it is true that, absent the dismissal of a charge by the EEOC, the Notice should not issue until the charge has been before the Commission for at least 180 days, ... [t]o require the EEOC to hold the second charge for 180 days would not have advanced the conciliation purposes of the Act and would only have served to delay the proceedings."). While Weise was decided before the enactment of 29 C.F.R. 1601.28(a)(2) and, therefore, did not address the relationship between it and 42 U.S.C. § 2000e-5(f)(1), its weight still controls.

Crucially, subsection (b) of the statute at issue here mandates the EEOC to investigate the charge. See 42 U.S.C. § 2000e-5(b). Here, Appellees received notice of the Appellant's charge of discrimination on the very same day they received her notice of right to sue, after the Appellant requested an early right-to-sue letter. As such, the EEOC could not have investigated the claim, nor could it have even attempted conciliation, because it did not give the EEOC nor the Defendants any opportunity whatsoever to engage in conciliation efforts.

Appellant relies on Hellgren v. Bell Atl. Corp., in which District Judge Colleen McMahon held that "because the EEOC and state administrative agencies are so overwhelmed with charges that they could not possibly investigate more than a small fraction of them within 180 days, I find the Sims-Saulsbury line of cases to be persuasive." See No. 99-CIV.-11937 (CM), 2000 U.S. Dist. LEXIS 7630 (S.D.N.Y. May 30, 2000). However, as set forth infra, Congress knew all about how the EEOC was overwhelmed when it enacted Title VII.

To that end, to the extent that this Court finds 42 U.S.C. § 2000e-5(f)(1) is ambiguous (which it is not), the law is clear that courts must look to the legislative history in determining Congress' intent. See Fed. Hous. Fin. Agency v. UBS Americas Inc., 712 F.3d 136, 141 (2d Cir. 2013). A review of the statute's legislative history can only permit this Court to find that a plaintiff must wait 180 days before proceeding to federal court with a discrimination complaint.

When Congress wrote section 2000e-5(f)(1) in 1972, it knew all about the long delays in EEOC processing of discrimination charges. See S.REP. NO. 92–415, at 23 (1971); see also H.R.REP. NO. 92–238 (1971), reprinted in 1972 U.S.C.C.A.N. 2137, 2147. Congress enacted the 180–day provision as "a means by which [an aggrieved party] may be able to escape from the administrative quagmire which occasionally surrounds a case caught in an overloaded administrative process." See 1972 U.S.C.C.A.N. at 2148; see S.REP. NO. 92–415S.REP. NO. 92–415, at 23. After the House and Senate passed the 1972 amendments, the Conference Committee explained in a statement accompanying the Conference Report:

> [The 180–day provision] is designed to make sure that the person aggrieved does not have to endure lengthy delays if the Commission ... does not act with due diligence and speed. Accordingly, the [180–day provision] allow[s] the person aggrieved to elect to pursue his or her own remedy under this title in the courts where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.

See 118 CONG. REC. 7168 (1972) (section-by-section analysis of amendments).

In addition, two (2) major sponsors of Title VII clearly understood the statute to prohibit early suits. Senator Javits said that it required complainants "necessarily [to] sit [ ] around awaiting 6 months." See 118 CONG. REC. 1069 (1972) (Senate debate). Senator Dominick called it a "180–day private filing restriction." Id. There is therefore no merit to the argument that Congress did not intend for a discrimination plaintiff to wait before filing suit.

Based on the foregoing, there is no question that Congress intended to require charging parties to forebear filing suit in court until 180 days had passed.  Indeed, the wisdom behind waiting before a charging party can proceed to suit can be summed up by the old adage that the two most powerful warriors are patience and time.  This Court must therefore affirm the lower court's decision.

## CONCLUSION

For all of the foregoing reasons, the Appellant's appeal must be denied on the ground that it is untimely and, in any event, lacks merit.  This Court must therefore affirm the decision of the Hon. Rachel P. Kovner, U.S.D.J.

Dated:      Lake Success, New York
            October 12, 2021                  Respectfully submitted,

                                              /s/Emanuel Kataev, Esq.
                                              Milman Labuda Law Group PLLC
                                              3000 Marcus Avenue, Suite 3W8
                                              Lake Success, NY 11042-1073
                                              (516) 328-8899 (office)
                                              (516) 303-1395 (direct dial)
                                              (516) 328-0082 (facsimile)
                                              emanuel@mllaborlaw.com

                                              *Counsel for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 25(a)(6)

This brief has been scanned for viruses and no virus was detected.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of App. Rule 32(a)(7)(B).

This brief contains 5,255 words, excluding the parts of the brief exempted by App. Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of App. Rule 32(a)(5) and the type style requirements of App. Rule 32(a)(6).

This brief has been prepared in a proportionally spaced typeface using Word 14 point Times New Roman.

Respectfully submitted,

/s/Emanuel Kataev, Esq.
Attorney

Dated at Lake Success, N.Y.
This 12th day of October 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Respectfully submitted,

/s/Emanuel Kataev, Esq.
Attorney

Dated at Lake Success, N.Y.
This 12th day of October 2021